UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. BANK NATIONAL ASSOCATION; )<br>U.S. BANK TRUST NATIONAL )<br>ASSOCIATION; AND OCWEN LOAN )<br>SERVICING, LLC, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 07-80508 -CIV MARRA<br><br>Magistrate Judge Johnson |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM
<u>IN OPPOSITION TO MOTION TO DISMISS</u>**

Plaintiff Branch Banking and Trust Company ("BB&T") respectfully files this Response in Opposition to the Motion for Leave to File a Surreply Memorandum in Opposition to Motion to Dismiss filed by Defendants U.S. Bank National Association ("U.S. Bank NA") and U.S. Bank Trust National Association ("U.S. Bank Trust") (collectively, "U.S. Bank") and respectfully asks the Court to deny their Motion for the following reasons:

U.S. Bank purports to file its surreply to "address[] inaccuracies and omissions in arguments raised for the first time in BB&T's Reply." (U.S. Bank's Mot. for Leave, p. 1-2). However, there was nothing in BB&T's Reply Memorandum that was inaccurate or that did not directly respond to arguments made in U.S. Bank's Opposition. Simply put, the proposed surreply is an attempt by U.S. Bank to have the last word in this round of briefing.

U.S. Bank's proposed surreply memorandum does not address specific factual issues or "arguments raised for the first time," but rather simply asserts subtle refinements to its earlier

arguments or subtle rebuttals to BB&T's arguments responding to those in U.S. Bank's Opposition.  Moreover, the four points made in the proposed surreply are either misleading semantic differences, immaterial or incorrect.  BB&T addresses each briefly here to illustrate the lack of substance as to each.

1.   Paragraph 7 of the Counterclaim does not allege that the Indenture Trustee is the Grantor Trust Certificateholder.  Rather, it alleges "[a] certificate of beneficial interest in the Grantor Trust's Mortgage Loans was issued to the Owner Trust."  (U.S. Bank's Counterclaim ¶ 7).  Thus, the Grantor Trust Certificateholder (entitled to enforce certain rights against the Servicer after delegation) is not the Indenture Trustee.  Therefore, the Court should dismiss the claims brought by U.S. Bank NA in its capacity as the Indenture Trustee.  In any event, the Court should dismiss any claims brought in the capacity of the Grantor Trust Certificateholder because they are limited by Section 9.03.

2.   BB&T did not rely on the title to Section 9.01(b) to conclude that it is limited to third party claims (though the title is telling; boiler-plate language about titles notwithstanding).  Rather, the language within that section clearly limits the defense and indemnity obligations to claims by third parties.

3.   U.S. Bank is drawing a semantic distinction that simply does not exist.  It alleges that this case is about "defaulted loans".  (See, e.g., Counterclaim ¶¶ 13 and 18).  Liquidated Loans as defined by the SSA are a category of defaulted loans.  Without getting drawn into an unnecessary linguistic contest at this stage of the case, it is enough to note that the loans that are the subject of this case (however defined) were not included in the calculation used to determine what U.S. Bank paid Ocwen as a servicing fee (after Ocwen identified them as non-performing).

Thus, those loans were outside the SSA and U.S. Bank did not pay Ocwen to service them or to make any further collection efforts.

4. BB&T understood that U.S. Bank played a role in drafting the agreements and structuring the transactions but it accepts, for these purposes only, U.S. Bank's offer that it played no role in the drafting of the SSA or structuring the finance transactions underlying the case. However, whether U.S. Bank was involved matters little. The material point is that *whomever* drafted the agreements and structured the transactions could have imposed fiduciary duties on the Servicer and did not. Courts have noted this as one factor supporting the rule prohibiting implication of fiduciary obligations between sophisticated parties when their contract does not expressly create them.

Thus, the four points contained in the proposed surreply add nothing on the issues presented by BB&T's Motion to Dismiss. Further, neither the Federal Rules of Civil Procedure nor the Local Rules for the Southern District of Florida provide for surreply briefs. District courts throughout the Eleventh Circuit strongly disfavor surreplies, emphasizing the importance of preserving judicial efficiency: "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Resolution Trust Corp. v. Youngblood, 807 F. Supp. 765, 774 (N.D. Ga. 1992). They deny motions seeking leave to file a surreply where the supposed "new issues" either appeared in the initial memorandum of law or were in response to issues raised by the memorandum in opposition. Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) (citing Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Further, in Lewis, the District Court for the District of Columbia made clear that the allegation of a mere mischaracterization in the opposing party's reply was not a "new issue." Lewis, 154 F. Supp. 2d at 61.

US2000 10341825.1

Here, U.S. Bank's Motion alleges that BB&T has raised arguments "for the first time" in its Reply, but each of the four issues as to which U.S. Bank seeks leave to have a further say involve matters raised in BB&T's Reply properly responding to arguments made in U.S. Bank's Opposition. BB&T's Reply contained nothing new that was not directly responsive to U.S. Bank's arguments. Therefore, under the rules governing briefing, and cases interpreting those rules, the Motion contains no grounds for the Court to allow a surreply memorandum.

Accordingly, BB&T respectfully requests that the Court deny Defendants' Motion for Leave and that the Court grant its Motion to Dismiss on the existing briefs.

Dated: November ___, 2007  
Fort Lauderdale, Florida

Respectfully Submitted,

/s/ Theresa M.B. Van Vliet  
Theresa M.B. Van Vliet (FBN 374040)  
tvanvliet@gjb-law.com  
GENOVESE JOBLOVE & BATTISTA, P.A.  
200 East Broward Boulevard, Suite 1110  
Fort Lauderdale, Florida 33301  
Telephone: (954) 453-8000  
Facsimile: (954) 453-8010

Michael D. Crisp (admitted Pro Hac Vice)  
Michael A. Kaeding (admitted Pro Hac Vice)  
Kilpatrick Stockton LLP  
1100 Peachtree Street, Suite 2800  
Atlanta, Georgia 30309-4530  
Telephone: (404) 815-6500  
Facsimile: (404) 815-6555

Counsel for Plaintiff  
Branch Banking and Trust Company

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November _____, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                                    s/ Theresa M.B. Van Vliet
                                                    Theresa M.B. Van Vliet

## SERVICE LIST

Fred O. Goldberg, Esq.
Berger Singerman
200 South Biscayne Blvd.
Suite 1000
Miami, FL  33131
Telephone:  (305) 755-9500
Facsimile:  (305) 714-4340
fgoldberg@bergersingerman.com
*Attorneys for U.S. Bank National Association and*
*U.S. Bank Trust National Association, each in its capacity as Trustee*

Sidney A. Stubbs, Esq.
Jones, Foster, Johnston & Stubbs, P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561) 650-0426
Facsimile:  (561) 650-0409
sstubbs@jones-foster.com
*Attorneys for Ocwen Loan Servicing, LLC*