UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80508-CIV-MARRA/JOHNSON

BRANCH BANKING AND TRUST
COMPANY,

      Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION,
U.S. BANK TRUST NATIONAL ASSOCIATION,
and OCWEN LOAN SERVICING, LLC,

      Defendants.
_____/

U.S. BANK NATIONAL ASSOCIATION
and U.S. BANK TRUST NATIONAL
ASSOCIATION,

      Counterclaimants/Cross-Claimaints

vs.

BRANCH BANKING AND TRUST
COMPANY,

      Counterclaim Defendant, and

OCWEN LOAN SERVICING, LLC

      Cross-Claim Defendant.

_____/

## OPINION AND ORDER

     This cause is before the Court upon Plaintiff Branch Banking and Trust Company's

("Plaintiff") Motion to Dismiss the U.S. Bank Defendants' Amended Counterclaim (DE 89).

The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On September 8, 2008, the Court dismissed U.S. Bank Defendants' ("Defendants") counterclaim for breach of fiduciary duty for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (DE 79).  The Court granted Defendants leave to amend this claim to cure the deficiencies identified by the Court. Defendants subsequently filed an amended counterclaim (DE 86), which Plaintiff now moves to dismiss. In rendering this Order, the Court presumes familiarity with its prior Order.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

In the Court's prior Order, the Court observed that, as pled, the claim for breach of implied fiduciary duty relied on nothing more than allegations that Plaintiff was obliged to fulfill duties envisioned under the Sale and Servicing Agreement ("SSA").  Furthermore, the Order also noted that the claim lacked any allegations regarding confidence being reposed by one party and a trust accepted by the other or allegations addressing how the relationship of trust and confidence arose.  Defendants now argue that their amendments address adequately these deficiencies.  Specifically, Defendants point to the following allegations: (1) Plaintiff has "exclusive control of collections"; (2) there is a "disparity in knowledge and control between the parties (and not simply on the contract)"; (3) Plaintiff breached its fiduciary duties to avoid self-dealing and instead enriched itself at the expense of the Trusts; (4) Plaintiff presented information regarding collections in a misleading way and (5) the SSA requires that only the Servicer deal with the individual borrowers, leading to collections and knowledge regarding collections to be entirely in the Servicer's control.  (DE 97 at 6, 9.)

After careful consideration of these arguments, and review of the amended counterclaim, the Court finds that Defendants have failed to remedy the pleading deficiencies previously identified.  In fact, the allegations identified by Defendants in their response memorandum are nothing more than a rehashing of Defendants' prior arguments considered and rejected by the Court.[1]  In other words, Defendants's amended allegations are a restatement of the contractual

---

[1] For example, page 8 of the Court's prior Order discussed Defendant's arguments: "Defendants point out that the counterclaim alleges that collections from the defaulted mortgage loans are 'entirely within the control of the Servicer,' that the Trustees rely entirely on the Servicer to collect, report and deposit such payments in the Collection Account and that the Trustees 'reasonably and fully believed and expected' that Plaintiff would not 'favor their own

duties set forth in the SSA.  To be sure, peppered throughout Defendants' amended counterclaim

is the recitation that confidence was reposed and a trust accepted.  The use of those terms,

however, does not indicate that Plaintiff "stepped out of its contractual role" or "developed a

special relationship and undertook a duty" beyond those envisioned under the SSA.  Bruhl v.

Price WaterhouseCoopers Int'l, No.03-23044-Civ, 2008 WL 899250, at * 3 (Mar. 31, 2008); see

Capital Bank v. MVB, Inc., 644 So. 2d 515, 518-21 (Fla. Dist. Ct. App. 1994) (arm-length

transactions are unlikely to lead to fiduciary relationship).[2]   As such, Defendants have failed to

plead properly their claim for breach of implied fiduciary duty.  Based on this failure, the Court

incorporates the analysis of its prior Order and finds that this claim is also barred for failure to

allege a legal obligation independent of those established by the SSA.  Since Defendants have

twice failed to state a claim for breach of implied fiduciary duty against Plaintiff, the amended

second counterclaim is dismissed with prejudice.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff Branch Banking

and Trust Company's ("Plaintiff") Motion to Dismiss the U.S. Bank Defendants' Amended

---

interests.' (DE 79 at 8.)

[2] Defendants contend that Florida law controls whereas Plaintiff claim that New York law should be applied.  For purposes of the motion, the Court applies Florida law.  However, even assuming that New York law applies, Defendants have not stated a cause of action for breach of implied fiduciary duty.

Counterclaim (DE 89) is **GRANTED.**

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 12th day of May,2009.

                      _____
                      KENNETH A. MARRA
                      United States District Judge